[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR ARTICULATION DATED AUGUST 14, 2000 (#139)[1]
The court hereby confirms, ratifies and reiterates its Memorandum of decision dated Only 26, 2000.[2]
As a general matter, the plaintiff's objection to Motion for summary Judgment dated July 15, 2000 merely offers supposition, suggestions and argument. The plaintiff does not offer any evidence to controvert the documentary evidence offered and submitted by the defendant, Auto Fair, Inc. CT Page 3705
The plaintiff's Motion for Articulation asks this court to articulate regarding its contention that C.G.S. § 14-60 does not apply in this instant case.
Conn. Gen. statute § 14-60 (a) provides (in part):
 "No dealer or repairer may loan a motor vehicle or number plate or both to any person except for the purpose of demonstration of a motor vehicle, or when a motor vehicle owned by or lawfully in the custody of such person is undergoing repairs, or WHEN SUCH PERSON HAS PURCHASED A MOTOR VEHICLE, THE REGISTRATION OF WHICH BY HIM IS PENDING, (emphasis added) . . . provided such person shall furnish proof to the dealer or repairer that he has liability and property damage insurance which cover any damage to any person or property caused by the operation of the LOANED motor vehicle, motor vehicle on which the loaned number plate is displayed or both. Such person's insurance shall be the prime coverage."
Clearly, this is not a case involving the demonstration of a motor vehicle nor is it a case involving the loan of a motor vehicle when a motor vehicle is undergoing repairs.
Clearly, this is a case "when such person has purchased a motorvehicle, the registration of which by him is pending." As explained in the court's Memorandum of Decision dated July 26, 2000, all tile evidence, documentary or otherwise, leads to this inescapable conclusion. The plaintiff does not offer any evidence to controvert this inescapable conclusion.
It is curious to note that the plaintiff's complaint dated September 27, 1999 alleges that the defendant, Suzanne E. Liquerman, owned the subject motor vehicle, which the defendant Suzanne E. Liquerman admits by answer dated November 19, 1999.
Further, the plaintiff's second amended complaint dated July 7, 2000 alleges that the defendant, Suzanne E. Liquerman, owned the subject motor vehicle, which either contravenes or corrects the plaintiff's amended complaint dated January 21, 2000 which alleges that the defendant, Suzanne E. Liquerman, leased the subject motor vehicle.
Suzanne E. Liquerman owned the subject motor vehicle and was properly insured on August 13, 1999. The case of Kenneth T. Cook v. CollinsCT Page 3706Chevrolet, Inc., et al., 199 Conn. 245 (1986) is exactly on point. Because the defendant, Auto Fair, Inc., did not violate C.G.S. § 14-60
(a) in any way, C.G.S. 14-63 (a) on its face does not afford the plaintiff any remedy in this case.
By The Court
Moran, J.